# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE LARRY & NELLIE BURKS,

    Debtors,

LARRY & NELLIE BURKS,

    Plaintiffs,

v.

KOHL'S DPEARTMENT STORES, INC.,
CAPITAL ONE, N.A.,
and ENHANCED RECOVERY COMPANY, LLC

    Defendants,

Bankruptcy Case Number
19-81264-CRJ-13

Adversary Proceeding No.
19-80031-CRJ

**AMENDED COMPLAINT**

The debtors in this bankruptcy case and plaintiffs in this adversary proceeding, Larry and Nellie Burks (the "Burks"), make the following allegations in their complaint against the Defendants, Kohl's Department Stores, Inc. ("Kohls"), Capital One, N.A. ("Capital One"), and Enhanced Recovery Company, LLC ("ERC").

**Parties, Jurisdiction, and Nature of Action**

1. The Burks are the debtors in the above-referenced Chapter 13 bankruptcy case which was commenced on April 24, 2019. Kohls is a corporation organized and existing under the laws of the State of Wisconsin. Capital One is a corporation organized and existing under the laws of the State of Virginia. ERC is a corporation organized and existing under the laws of the State of Florida. At all times material to this complaint, the Defendants regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division. The Burks did business with the Defendants within this district and division, and it is these business transactions that give rise to this litigation.

2. Kohls/Capital One is listed as a creditor in the schedules filed by the Burks.

3. Despite having both notice and actual knowledge of the commencement of the Burks' case, Kohls contacted the Burks, or caused the Burks to be contacted, in an effort to collect a pre-petition debt owed by the Burks to Kohls/Capital One.

1

4. The Burks bring this action to recover the actual damages they have sustained as a result of the Defendants' willful violation of the automatic stay in this case and to recover punitive damages from the Defendants for those violations.

5. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of the Burks' estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between the Burks and the Defendants. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b).

### Claim – Violation of the Automatic Stay

6. The Burks incorporate by reference the allegations in paragraphs one through three of this complaint.

7. The Burks specifically allege an agency relationship exists between Kohls, Capital One, and ERC.

8. The schedules filed by the Burks upon the commencement of this bankruptcy case listed Kohls/Capital One as a creditor.

9. As a result of Kohls/Capital One being listed as a creditor in the Burks schedules, the Defendants had both notice and actual knowledge of both the commencement of and all the proceedings in the Burks' bankruptcy case.

10. Pursuant to §362(a) of the Bankruptcy Code, the commencement of the Burks' bankruptcy case gave rise to the automatic stay which, among other things, prohibits the Defendants from attempting to collect from the Burks any pre-petition obligation owed by the Burks to Kohls and Capital One. Should a creditor violate the Automatic Stay, section 362(K)(1) of the Bankruptcy Code provides "an individual injured by any willful violation of a Stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. §362(K)(1). The Eleventh Circuit has adopted a two-part test to determine whether a defendant willfully violated the Automatic Stay. See *Jove Eng'g, Inc. v. IRS*, (*In Re Jove*), 92 F.3d 1539, 1555 (11th Cir. 1996). The test is whether the creditor "(1) knew that the Automatic Stay was invoked and (2) intended the actions which violated the Stay." *Id*. There is no specific intent requirement for a violation of the Automatic Stay to be willful. *Caffey v. Russel* (*In Re Caffey*), 384 B.R. 297, 307 (Bankr. S.D.Ala 2008). Rather, for purposes of §362(K)(1), a creditor acts willfully when it a acts deliberately with knowledge of a bankruptcy petition even if his actions are not intentionally meant to violate the Stay. *Id*.; *In Re Parker*, 279 B.R. 596, 603 (Bankr. S.D.Ala.

2002). Violation of the Automatic Stay is presumed deliberate if the creditor has actual notice of the bankruptcy. *Spinner v. Cash In A Hurry, LLC* (*In Re Spinner*), 398 B.R. 84, 94 (Bankr. N.D.Ga. 2008). In the instant case the Defendants had notice and chose to willfully violate the Automatic Stay.

11. Despite the imposition of the automatic stay by the commencement of this case and despite having both notice and actual knowledge of the commencement of this case, Kohls telephoned the Burks, or cause the Burks to be telephoned, **including an ill-timed collection call during their 341 meeting of creditors** on May 21, 2019 in the presence of their attorney, to collect from the Burks a pre-petition obligation owed by the Burks to Kohls/Capital One. Kohls and/or its agents made this phone call to the debtor in an "attempt to collect." Additionally, on May 31, 2019, eight days after the Adversary Proceeding Compliant was filed, ERC, on behalf of Capital One, sent a collection letter to the Burks informing them that their Kohls/Capital One account "has been placed with ERC for collection efforts." Despite the imposition of the Stay and the filing of an Adversary Proceeding, ERC magnanimously offered to settle the account for $173.08. This behavior is indicative of systematic and serious abuse.

12. The actions of the Defendants violate 11 U.S.C. §362 as set forth in this complaint.

13. The Burks have sustained and continue to sustain injury and damage as a result of the Defendants' violation(s) of the automatic stay.

14. The Defendants' actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

15. Under 11 U.S.C. §362(k)(1), the Burks are entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against the Defendants for their willful and intentional violation of the automatic stay. This creditor elected to call the debtor in an "attempt to collect," then proceed to sell the debt to a collection agency which sent a collection letter eight days after the Adversary Proceeding was filed. Calling at the debtors' 341 meeting of creditors highlights this creditor's brazen disregard of the Federal Bankruptcy Laws and the rights of others. It is likely a systematic abuse where the creditor(s) made a business decision that it was cheaper to violate the Stay than to abide by it.

16. The Burks were emotionally distressed as a direct and proximate result of the Defendants' behavior.

**WHEREFORE**, the Burks ask this court to enter an order:

(A) Awarding the Burks compensatory damages against the Defendants including the reasonable attorneys' fees and costs incurred by the Burks in the preparation and prosecution of this adversary proceeding;

(B) Awarding the Burks punitive damages against the Defendants for their willful, repeated, systematic, and intentional violation(s) of the automatic stay, such damages being intended to instill in the Defendants and other creditors due respect for this court and its orders and to deter them from taking similar action against the Burks and similarly situated debtors in the future;

(C) Voiding the debt owed by the Burks to the Defendants; and

(D) Granting the Burks any additional or different relief this court deems appropriate.

Dated: 07/10/2019					Respectfully submitted,

					/s/ John C. Larsen_____
					John C. Larsen
					Attorney for the debtors/plaintiffs,

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com

4